UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

Aaron David Frishberg, Daniel
Sholom Frishberg, and Emanuel Jacob Frishberg,

Individually and in their capacities as co-administrators
of the estate of Mildred Frishberg

               Plaintiffs

               V.

The Westbury Place                Dkt. No. 15 cv 8044 (KPS)

             Defendant

                                       AMENDED COMPLAINT

## JURISDICTION

1.   This Court has subject matter jurisdiction over the suit based upon diversity of citizenship between all Plaintiffs and all Defendants in a case in which more than seventy-five thousand dollars is in controversy.

## VENUE

2.   Venue is properly laid in the Southern District of Texas, where Defendant has its place of business and where the acts complained of occurred.

## PARTIES

3.   Plaintiffs, Aaron David Frishberg, Daniel Sholom Frishberg, and Emanuel Jacob Frishberg, are the sons and intestate heirs of decedent Mildred Frishberg, ("Millie").They are domiciliaries and residents, respectfully, of New York, New York, Surfside, Florida, and Federal Way, Washington.

4.   Defendant The Westbury Place has its principal place of business in Houston, TX and is upon

information and belief, a not-for-profit entity.

## FACTS

### As a First Cause of Action

5. Mildred Frishberg was a resident of The Westbury Place for the past several years before her death in October, 2012, suffering from advanced Alzheimer's disease with acute senility.

6. Because of Mildred Frishberg's senility, the only way that The Westbury Place could effectively communicate about its treatment of her was to communicate with her family.

7. The undersigned was the holder of Ms. Frishberg's health care proxy.

8. Neither I nor any other family member was informed by The Westbury Place that Mildred Frishberg was suffering from pressure sores on her feet as a result of the neglect of The Westbury Place to properly treat her to prevent her from having pressure sores and to allow the infection to become so deep that she required hospital treatment.

9. The Westbury Place, as Mildred Frishberg's health care provider, had a duty to disclose that its treatment of her had caused her to suffer from the pressure sores, and its failure to do so constituted fraudulent concealment.

10. At the end of September, 2012, the hospital contacted the undersigned, Aaron Frishberg, to discuss Millie's medical condition. In essence, the hospital, through one of its social workers, informed me that Millie's infections had spread so that they were not only on the epidermal layer of her feet, but were attacking the muscle tissue under the skin.

11. The hospital social worker advised me that Millie's infections had reached a degree of severity such that the doctors did not believe that there was any chance that she would recover from the infections, and that the inevitable course of the infections was to end her life.

12. The social worker suggested that it was time to say goodbye to Millie and allow her to die without prolonging the pain she would experience increasingly with the worsening of the infections.

13. I responded that this was a decision which I would need to make in consultation with my two brothers.

14. By the end of the weekend, my brothers and I had reached a unanimous consensus to utilize only hospice care for our mother, and not prevent her illness from taking its natural course, while administering to her illness in the way which would minimize her pain and allow her the most comfort possible under the circumstances.

15. I communicated this decision to the hospital, and spoke with a representative of the hospice care company on Monday, October 3, 2012.

16. Mildred "Millie" Frishberg died on Monday, October 3, 2012, survived by her three sons, by their progeny, and by her sister, Norma Friedman.

17. Mildred Frishberg's life was wrongfully terminated because of the negligence of The Westbury Place, and its employees, which negligence consisted of the failure to attend to her to prevent the development of pressure sores, and the failure to treat those pressure sores when they had developed in manner which would have prevented their spreading to the muscle tissue of her feet, making the infection incurable.

As a Second Cause of Action

18. Plaintiffs repeat as if stated here in full ¶¶ 1-17 of this Complaint.

19. Mildred Frishberg experienced pain and suffering during her lifetime as a result of the negligent mistreatment she received at the Westbury Place, which caused her to develop pressure sores and allowed these sores to spread.

As a Third Cause of Action

20. Plaintiffs repeat as if stated here in full ¶¶ 1-19 of this Complaint

21. Plaintiffs Aaron Frishberg, Daniel Frishberg, and Emanuel ("Manny") Frishberg were deprived of the companionship of Mildred Frishberg as a result of the negligence of Defendant The Westbury Place.

Wherefore, Plaintiffs demand judgment in an amount to be determined by the triers of fact in favor of the estate of Mildred Frishberg on their first and second causes of action, and in favor of them each individually on their third cause of action, in amounts to be determined by the triers

                                                          Yours, etc.
                                                          /s/

                                        Aaron David Frishberg
                                        Pro hac vice
                                        Attorney for Plaintiffs
                                        116 W. 111th Street
                                        New York, NY 10026
                                        212 740 4544

## JURY DEMAND

A trial by jury is demanded by Plaintiff as to all claims triable by jury.


                                        /s/


                                      Aaron David Frishberg